# Exhibit A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

*Michael*

~~MICAHEL~~ C. MILLER, Derivatively on )
Behalf of Nominal Defendant )
KEITHLEY INSTRUMENTS, INC. )
(28775 Aurora Road, Solon, Ohio 44139), )
)
         Plaintiff, )
)
       v. )
)
JOSEPH P. KEITHLEY )
(28775 Aurora Road, Solon, Ohio 44139), )
)
HERMANN HAMM, )
(28775 Aurora Road, Solon, Ohio 44139), )
)
FREDERICK HUME )
(28775 Aurora Road, Solon, Ohio 44139), )
)
RONALD M. REBNER )
(28775 Aurora Road, Solon, Ohio 44139), )
)
GABRIEL A. ROSICA )
(28775 Aurora Road, Solon, Ohio 44139), )
)
TERRENCE SHERIDAN )
(28775 Aurora Road, Solon, Ohio 44139), )
)
DAVID H. PATRICY )
(28775 Aurora Road, Solon, Ohio 44139), )
)
MARK J. PLUSH )
(28775 Aurora Road, Solon, Ohio 44139), )
)
D. SHERMAN WILLOWS )
(28775 Aurora Road, Solon, Ohio 44139), )
)
PHILIP R. ESTLER )
(28775 Aurora Road, Solon, Ohio 44139), )
)
)
JOHN A. PESEC )
(28775 Aurora Road, Solon, Ohio 44139), )

CASE NO:

Complaint
STUART A FRIEDMAN
CV 06 598929



CV06598929       40885305

| | |
|---|---|
| BRIAN R. BACHMAN<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| JAMES T. BARTLETT<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| JAMES B. GRISWOLD<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| LEON J. HENDRIX, JR.<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| N. MOHAN REDDY,<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) **JURY TRIAL DEMANDED** |
| | ) |
| KEITHLEY INSTRUMENTS, INC.,<br>(28775 Aurora Road, Solon, Ohio 44139), | ) )<br>) |
| | ) |
| Nominal Defendant. | ) |
| | ) |

## VERIFIED DERIVATIVE COMPLAINT

Plaintiff, by his attorneys, submits this Verified Derivative Complaint (the "Complaint")

against the defendants named herein.

## NATURE OF THE ACTION

1. This is a shareholder's derivative action brought for the benefit of nominal
defendant Keithley Instruments, Inc. ("Keithley Instruments" or the "Company") against certain
members of its Board of Directors (the "Board") and certain of its executive officers seeking to
remedy defendants' breaches of fiduciary duties and unjust enrichment.

2

2.     In gross breach of their fiduciary duties as officers and/or directors of Keithley Instruments, the Individual Defendants (as defined herein) colluded with one another to:

      a.    improperly backdate dozens of grants of Keithley Instruments stock options to Keithley Instruments' Chairman and CEO Joseph P. Keithley, and several other Keithley Instruments executives, in violation of the Company's shareholder-approved stock option plans;

      b.    improperly record and account for the backdated stock options, in violation of Generally Accepted Accounting Principles ("GAAP"); and

      c.    produce and disseminate to Keithley Instruments shareholders and the market false financial statements and other SEC filings that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options.

3.     As a result of the Individual Defendants' egregious misconduct, Keithley Instruments has sustained millions of dollars in damages, and Keithley and the other recipients of the backdated stock options have garnered millions of dollars in unlawful profits.

## PARTIES

4.     Plaintiff is, and was at all relevant times, a shareholder of nominal defendant Keithley Instruments.

5.     Nominal defendant Keithley Instruments is an Ohio corporation with its principal executive offices located at 28775 Aurora Road, Solon, Ohio 44139. According to its public filings, Keithley Instruments designs, develops, manufactures and markets complex electronic instruments and systems geared to the specialized needs of electronics manufacturers for high-performance production testing, process monitoring, product development and research.

3

6.    Defendant Joseph P. Keithley ("Keithley") has served as the Company's Chairman of the Board of Directors since 1991. Keithley also has served as Chief Executive Officer since November 1993 and as President since May 1994.

7.    Defendant Hermann Hamm ("Hamm") served as the Company's Vice President of European Operations from 1995 to 1997.

8.    Defendant Frederick Hume ("Hume") served as the Company's Senior Vice President of Strategic Planning and Technology from 1996 to 1997. Hume also served as Senior Vice President of the Test and Instrumentation Group in 1995.

9.    Defendant Ronald M. Rebner ("Rebner") served as the Company's Vice President and Chief Financial Officer from 1981 through 1998.

10.    Defendant Gabriel A. Rosica ("Rosica") has served as a director of the Company from 1993 to 1995. Rosica also served in various capacities as an officer of the Company including, Executive Vice President from 2001 until 2004, Senior Vice President and General Manager Semiconductors from 1998 until 2000, and as Senior Vice President from 1996 until 1997.

11.    Defendant Terrence Sheridan ("Sheridan") served as Vice President of the Company's Radiation Measurement Division from at least 1993 until 1995.

12.    Defendant David H. Patricy ("Patricy") served as the Company's Vice President of Corporate Planning and Development in 2001. Patricy also served as Vice President and General Manager in 2000, and as Vice President and General Manager, Test and Measurement from 1998 to 1999.

4

13.     Defendant Mark J. Plush ("Plush") has served as the Company's Vice President and Chief Financial Officer since 1998.

14.     Defendant D. Sherman Willows ("Willows") served as the Company's Vice President of Worldwide Sales from 1999 to 2000.

15.     Defendant Philip R. Etsler ("Etsler") served as the Company's Vice President of Human Resources from 2001 until 2002.

16.     Defendant John A. Pesec ("Pesec") has served as the Company's Vice President of Worldwide Sales and Support since 2002.

17.     Collectively, defendants Keithley, Hamm, Hume, Rebner, Rosica, Sheridan, Patricy, Plush, Willows, Etsler, and Pesec are referred to herein as the "Officer Defendants."

18.     Defendant Brian R. Bachman ("Bachman") has served as a director of the Company since 1996. Bachman also served on the Audit Committee of the Board ("Audit Committee") from 2000 until 2001, and on the Compensation and Human Resources Committee of the Board ("Compensation Committee") from 1997 until 2004.

19.     Defendant James T. Bartlett ("Bartlett") has served as a director of the Company since 1983, and has served on the Audit Committee since 1998. Bartlett also served on the Compensation Committee from 1995 through 1997 and again in 2005.

20.     Defendant James B. Griswold ("Griswold") has served as a director of the Company since 1989. Griswold also served on the Audit Committee from 1995 to 2001, and on the Compensation Committee from 1996 to 2001.

5

21. Defendant Leon J. Hendrix, Jr. ("Hendrix") has served as a director of the Company since 1990, and has served on the Compensation Committee since 1998. Hendrix also served on the Audit Committee from 1995 through 1997.

22. Collectively, defendants Bachman, Bartlett, Griswold, and Hendrix are referred to herein as the "Audit Committee Defendants."

23. Defendant N. Mohan Reddy ("Reddy") has served as a director of the Company since 2001. Reddy served on the Compensation Committee from 2002 through 2004.

24. Collectively, defendants Bachman, Bartlett, Griswold, Hendrix, and Reddy are referred to herein as the "Compensation Committee Defendants."

25. Collectively, the Officer Defendants and Committee Defendants are referred to herein as the "Individual Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

26. By reason of their positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. Each director and officer of the Company owes to the Company and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the

6

affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

27.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of the Company, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

28.     To discharge their duties, the officers and directors of the Company were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of the Company were required to, among other things:

    a.    exercise good faith in ensuring that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business;

    b.    exercise good faith in ensuring that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, including acting only within the scope of its legal authority;

    c.    exercise good faith in supervising the preparation, filing and/or dissemination of financial statements, press releases, audits, reports or other information required by law, and in examining and evaluating any reports or examinations, audits, or other financial information concerning the financial condition of the Company;

    d.    exercise good faith in ensuring that the Company's financial statements were prepared in accordance with GAAP; and

    e.    refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

7

29.    The Individual Defendants were responsible for maintaining and establishing adequate internal accounting controls for the Company and to ensure that the Company's financial statements were based on accurate financial information.  According to GAAP, to accomplish the objectives of accurately recording, processing, summarizing, and reporting financial data, a corporation must establish an internal accounting control structure.  Among other things, the Individual Defendants were required to:

    (1)    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

    (2)    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that –

        (a)    transactions are executed in accordance with management's general or specific authorization;

        (b)    transactions are recorded as necessary to permit preparation of financial statements in conformity with [GAAP].

30.    Keithley Instruments' Audit Committee Charter provides that the Audit Committee shall, among other things,

    a.    Review and discuss with management and the independent auditor, the financial information to be included in the Company's Annual Report on Form 10- K (or the annual report to stockholders if distributed prior to the filing of the Form 10-K), including the disclosures under "Management's Discussion and Analysis of Financial Condition and Results of Operations," their judgment about the quality, not just acceptability, of accounting principles, the reasonableness of significant judgments, the clarity of the disclosures in the financial statements, and any significant matters regarding internal controls over financial reporting that have come to their attention during the conduct of their audit; in this connection, the Committee shall discuss the results of the annual audit and any other matters required to be communicated to the Committee by the independent auditor under generally accepted auditing standards applicable law or listing standards, including matters required to be discussed by Statement on Auditing Standards No. 61, as amended by Statement on Auditing

8

Standards No. 90, and shall determine whether to recommend to the Board that the audited financial statements be included in the Company's Form 10-K;

b.  Review and discuss with management and the independent auditor, the quarterly financial information to be included in the Company's Quarterly Reports on Form 10-Q, including the disclosures under "Management's Discussion and Analysis of Financial Condition and Results of Operations," and any other matters required at the time of that discussion to be communicated to the Committee by the independent auditor under generally accepted auditing standards, applicable law or listing standards; in this connection, the Committee shall discuss the results of the independent auditor's review of the Company's quarterly financial information conducted in accordance with Statement on Auditing Standards No. 100; and

c.  Review and discuss with management, the internal auditor and independent auditor, at least annually and at such other times as the Committee considers appropriate, (a) significant issues regarding accounting principles and financial statement presentations, including any significant change in the Company's selection or application of accounting principles, and significant issues as to the adequacy of the Company's internal controls and any special audit steps adopted in light of material control deficiencies, (b) analyses prepared by management or the independent auditor setting forth significant financial reporting issues and judgments made in connection with the preparation of the financial statements, (c) all alternative treatments of financial information within GAAP that have been discussed with management, ramifications of the use of such alternative treatments, and the treatment preferred by the independent auditor, and (d) the effect of regulatory and accounting initiatives, as well as off-balance sheet structures, on the Company's financial statements and other public disclosures

## FACTUAL ALLEGATIONS

31.  At all times relevant hereto the Compensation Committee approved grants under and supervised the administration of the Company's stock option plans.

32.  From 1995 to 2002, the Compensation Committee granted the Officer Defendants Keithley Instruments stock options as follows:

9

| Name | Purported Date of Grant | Exercise Price | Number of Options |
|------|-------------------------|----------------|-------------------|
| Keithley | 9/9/1995 | $13.685 | 32,000 |
| | 9/19/1997 | $11.4375 | 60,000 |
| | 7/16/1999 | $8.25 | 72,000 |
| | 8/1/2000 | $45.1250 | 120,000 |
| | 7/24/2001 | $18.41 | 100,000 |
| | 7/23/2002 | $13.76 | 100,000 |
| | 7/16/2004 | $18.75 | 70,000 |
| | | | |
| Hamm | 9/9/1995 | $13.685 | 10,000 |
| | | | |
| Hume | 9/9/1995 | $13.685 | 24,000 |
| | | | |
| Rebner | 9/9/1995 | $13.685 | 12,000 |
| | 9/19/1997 | $11.4375 | 16,000 |
| | | | |
| Sheridan | 9/9/1995 | $13.685 | 10,000 |
| | | | |
| Rosica | 9/19/1997 | $11.4375 | 25,000 |
| | 7/16/1999 | $8.25 | 29,000 |
| | 8/1/2000 | $45.1250 | 55,000 |
| | 7/24/2001 | $18.41 | 60,000 |
| | 7/23/2002 | $13.76 | 30,000 |
| | | | |
| Patricy | 7/16/1999 | $8.25 | 26,500 |
| | 8/1/2000 | $45.1250 | 48,000 |
| | | | |
| Plush | 7/16/1999 | $8.25 | 20,000 |
| | 8/1/2000 | $45.1250 | 42,000 |
| | 7/24/2001 | $18.41 | 38,000 |
| | 7/23/2002 | $13.76 | 35,000 |
| | 7/16/2004 | $18.75 | 28,000 |
| | | | |
| Willows | 7/16/1999 | $8.25 | 8,000 |
| | | | |
| Etsler | 7/24/2001 | $18.41 | 22,000 |
| | 7/23/2002 | $13.76 | 22,000 |
| | | | |
| Pesec | 7/23/2002 | $13.76 | 27,000 |

10

33.     Pursuant to the terms of the Company's stock option plans, the option price of an incentive stock option must be no less than the fair market value of the Common Shares on the date the option was granted.

34.     Pursuant to APB 25, the applicable GAAP provision at the time of the foregoing stock option grants, if the market price on the date of grant exceeds the exercise price of the options, the company must recognize the difference as an expense.

35.     In a striking pattern that could not have been the result of chance, each and every one of the foregoing stock option grants was dated just before a substantial rise in Keithley Instruments' stock price, as demonstrated in the following chart:

Summary of Option Grants and Surrounding Stock Price Performance

| Purported Date of Grant | Exercise Price | Stock Price 10 Trading Days Before Grant | Stock Price 10 Trading Days After Grant | % Rise in Stock Price After Grant |
|---|---|---|---|---|
| 9/9/1995 | $13.685 | $14.31 | $15.00 | 9.6% |
| 9/19/1997 | $11.4375 | $11.50 | $12.19 | 6.6% |
| 7/16/1999 | $8.25 | $8.88 | $11.75 | 42.4% |
| 8/1/2000 | $45.1250 | $80.44 | $52.19 | 15.6% |
| 7/24/2001 | $18.41 | $18.40 | $21.66 | 17.6% |
| 7/23/2002 | $13.76 | $12.73 | $14.60 | 6.1% |

36.     The reason for the extraordinary pattern set forth in the preceding paragraph is that the purported grant dates set forth therein were not the actual dates on which the stock option grants were made.  Rather, at the behest of the Officer Defendants, the Committee Defendants improperly backdated the stock option grants to make it appear as though the grants were made on dates when the market price of Keithley Instruments stock was lower than the market price on the actual grant dates.  This improper backdating, which violated the terms of the Company's stock option plans, resulted in option grants with lower exercise prices, which

11

improperly increased the value of the options to the Officer Defendants and improperly reduced the amounts they had to pay the Company upon exercise of the options.

<div align="center"><u>Dissemination of False Financial Statements</u></div>

37. As a result of the improper backdating of stock options, the Company, with the knowledge, approval, and participation of each of the Individual Defendants,

    a. violated the terms of the Company's shareholder-approved stock option plans;

    b. violated GAAP by failing to recognize compensation expenses incurred when the improperly backdated options were granted;

    c. produced and disseminated to Keithley Instruments shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants.

38. The Company, with the knowledge, approval, and participation of each of the Individual Defendants, disseminated its false financial statements in, *inter alia*, the following Form 10-K filings:

    a. Form 10-K for the fiscal year ended September 30, 1995, filed with the SEC on December 22, 1995, and signed by defendants Keithley, Rebner, Bartlett, Griswold, and Rosica;

    b. Form 10-K for the fiscal year ended September 30, 1996, filed with the SEC on December 23, 1996, and signed by defendants Keithley, Rebner, Bachman, Bartlett, Griswold, and Hendrix;

    c. Form 10-K405 for the fiscal year ended September 30, 1997, filed with the SEC on December 29, 1997, and signed by defendants Keithley, Rebner, Bachman, Griswold, and Hendrix;

    d. Form 10-K405 for the fiscal year ended September 30, 1998, filed with the SEC on December 29, 1998, and signed by defendants Keithley, Bachman, Bartlett, Griswold, and Hendrix;

<div align="center">12</div>

e. Form 10-K for the fiscal year ended September 30, 1999, filed with the SEC on December 29, 1999, and signed by defendants Keithley, Bachman, Bartlett, Griswold, and Hendrix;

f. Form 10-K405 for the fiscal year ended September 30, 2000, filed with the SEC on December 29, 2000, and signed by ,defendants Keithley, Bachman, Griswold, and Hendrix;

g. Form 10-K405 for the fiscal year ended September 30, 2001, filed with the SEC on December 14, 2001, and signed by defendants Keithley, Bachman, Bartlett, Griswold, Hendrix, and Reddy;

h. Form 10-K for the fiscal year ended September 30, 2002, filed with the SEC on December 16, 2002, and signed by defendants Keithley, Bachman, Bartlett, Griswold, Hendrix, and Reddy.

39. Furthermore, from 1995 to 2003, the Company, with the knowledge, approval, and participation of each of the Individual Defendants, for the purpose and with the effect of concealing the improper option backdating, disseminated to shareholders and filed with the SEC annual proxy statements that falsely reported the dates of stock option grants to the Officer Defendants.

## THE INDIVIDUAL DEFENDANTS' BREACHES OF FIDUCIARY DUTIES

40. The Officer Defendants breached their fiduciary duties by:

a. colluding with the Committee Defendants to backdate stock option grants;

b. colluding with the Committee Defendants to violate GAAP;

c. colluding with the Committee Defendants to produce and disseminate to Keithley Instruments shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

d. colluding with the Committee Defendants to file false proxy statements in order to conceal the improper backdating of stock options.

13

41.     The Officer Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment. Rather, it was intended to, and did, unduly benefit themselves at the expense of the Company.

42.     The Committee Defendants breached their fiduciary duties by:

a.      colluding with the Officer Defendants to backdate stock option grants;

b.      colluding with the Officer Defendants to violate GAAP;

c.      colluding with the Officer Defendants to produce and disseminate to Keithley Instruments shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

d.      colluding with the Officer Defendants to file false proxy statements in order to conceal the improper backdating of stock options.

43.     The Committee Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment. Rather, it was intended to, and did, unduly benefit the Officer Defendants at the expense of the Company.

44.     As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained millions of dollars in damages, including, but not limited to, the additional compensation expenses and tax liabilities the Company was required to incur and loss of funds paid to the Company upon exercise of options.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

45.     Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress defendants' breaches of fiduciary duties and unjust enrichment.

46.     Plaintiff is an owner of Keithley Instruments common stock and was an owner of Keithley Instruments common stock at all times relevant hereto.

14

47.   Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

48.   As a result of the facts set forth herein, plaintiff has not made any demand on the Keithley Instruments Board of Directors to institute this action against the Individual Defendants. Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

49.   The Board currently consists of ten directors: defendants Keithley, Plush, Bachman, Bartlett, Griswold, Hendrix and Reddy and directors Brian J. Jackman, Barbara V. Scherer and R. Elton White. The following directors are incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action:

   a.   Keithley and Plush, because they are directly interested in the improperly backdated stock option grants complained of herein;

   c.   Bachman, Bartlett, Griswold, Hendrix, and Reddy, because as a members of the Compensation Committee, they directly participated in and approved the misconduct alleged herein and are substantially likely to be held liable for breaching their fiduciary duties, as alleged herein. Moreover, by colluding with the Officer Defendants, as alleged herein, Bachman, Bartlett, Griswold, Hendrix, and Reddy have demonstrated that they are unable or unwilling to act independently of the Officer Defendants;

   d.   Bachman, Bartlett, Griswold, and Hendrix, because as members of the Audit Committee they directly participated in and approved the misconduct alleged herein and are substantially likely to be held liable for breaching their fiduciary duties, as alleged herein. Moreover, by colluding with the Officer Defendants, as alleged herein, Bachman, Bartlett, Griswold, and Hendrix have demonstrated that they are unable or unwilling to act independently of the Officer Defendants.

15

c.   Keithley, Plush, Bachman, Bartlett, Griswold, Hendrix, and Reddy, because as directors of the Company they directly participated in and approved the Company's filing of false financial statements and other SEC filings, as alleged herein.  Moreover, by colluding with the Officer Defendants and others, as alleged herein, Keithley, Plush, Bachman, Bartlett, Griswold, Hendrix, and Reddy have demonstrated that they are unable or unwilling to act independently of the Officer Defendants.

50.   Furthermore, the Company's directors' and officers' liability insurance coverage prohibits directors from bringing suits against each other. Thus, if the Board caused the Company to sue its officers and directors for the liability asserted in this case, they would not be insured for that liability. They will not do this to themselves. The Company's officers' and directors' liability insurance was purchased and paid for with corporate funds for the protection of the corporation. This derivative action does not trigger the "insured vs. insured" exclusion, and therefore only this derivative action can obtain a recovery from the Company's officers' and directors' insurance for the benefit of the corporation."

51.   In addition, demand is excused because the misconduct complained of herein was not, and could not have been, an exercise of good faith business judgment.

## COUNT I

### AGAINST THE INDIVIDUAL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY

52.   Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

53.   As alleged in detail herein, each of the Individual Defendants had a fiduciary duty to refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

16

54. As alleged in detail herein, the Officer Defendants breached their fiduciary duties by:

    a. colluding with the Committee Defendants to backdate stock option grants;

    b. colluding with the Committee Defendants to violate GAAP;

    c. colluding with the Committee Defendants to produce and disseminate to Keithley Instruments shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

    d. colluding with the Committee Defendants to file false proxy statements in order to conceal the improper backdating of stock options.

55. The Officer Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment. Rather, it was intended to, and did, unduly benefit themselves at the expense of the Company.

56. As alleged in detail herein, the Committee Defendants breached their fiduciary duties by:

    a. colluding with the Officer Defendants to backdate stock option grants;

    b. colluding with the Officer Defendants to violate GAAP;

    c. colluding with the Officer Defendants to produce and disseminate to Keithley Instruments shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

    d. colluding with the Officer Defendants to file false proxy statements in order to conceal the improper backdating of stock options.

57. The Committee Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment. Rather, it was intended to, and did, unduly benefit the Officer Defendants at the expense of the Company.

17

58.     As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained millions of dollars in damages, including, but not limited to, the additional compensation expenses and tax liabilities the Company was required to incur and loss of funds paid to the Company upon exercise of options.

## COUNT II

### AGAINST THE OFFICER DEFENDANTS
### FOR UNJUST ENRICHMENT

59.     Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

60.     The Officer Defendants were unjustly enriched by their receipt and retention of backdated stock option grants, as alleged herein, and it would be unconscionable to allow them to retain the benefits thereof.

61.     To remedy the Officer Defendants' unjust enrichment, the Court should order them to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized.

WHEREFORE, Plaintiff demands judgment as follows:

A.     Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties;

B.     Ordering the Officer Defendants to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized;

C.     Granting appropriate equitable relief to remedy Defendants' breaches of fiduciary duties;

18

D.   Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

E.   Granting such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated: 8/15/06

Respectfully submitted,

CLIMACO, LEFKOWITZ, PECA, WILCOX
& GAROFOLI CO., L.P.A.

By: _____
      John R. Climaco (OH 001456)
      Scott D. Simpkins (OH 0066775)
      1220 Huron Road, Suite 1000
      Cleveland, OH 44115-1802
      Telephone: 216-621-8484
      Fax: (216) 771-1632

Rob Weiser
WEISER LAW FIRM, LLC
121 N. Wayne Ave., Suite 100
Wayne, Pennsylvania 19087
Telephone: (610) 225-2677

*Attorneys for Plaintiff*

19

KEITHLEY INSTRUM~ ~TS, INC. VERIFICATION

     I, Micahel C. Miller, hereby verify that I am familiar with the allegations in the
Complaint, and that I have authorized the filing of the Complaint, and that the foregoing is true
and correct to the best of my knowledge, information and belief.

DATE: ___8/6/06___          _____
                               SIGNATURE

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D1 CM | 8867574 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

MICHAEL C MILLER
VS
JOSEPH P KEITHLEY  ET AL

PLAINTIFF

DEFENDANT

## SUMMONS

JOSEPH P. KEITHLEY
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



**Plaintiff's Attorney**

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
Deputy



COMPLAINT FILED   08/15/2006

CMSN130

SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. CV06598929 | D2 CM | SUMMONS NO. 8867575 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

MICHAEL C MILLER
vs
JOSEPH P KEITHLEY   ET AL

PLAINTIFF

DEFENDANT

**SUMMONS**

HERMANN HAMM
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE Aug 16, 2006 |
|---|

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

# SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. CV06598929 | D3 CM | SUMMONS NO. 8867576 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
| --- | --- |
| MICHAEL C MILLER | PLAINTIFF |
| VS | |
| JOSEPH P KEITHLEY ET AL | DEFENDANT |

## SUMMONS

```
FREDERICK HUME
28775 AURORA RD.
SOLON OH 44139-0000
```

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

```
SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000
```

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.
```

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE Aug 16, 2006 |
| --- |

By 
Deputy

COMPLAINT FILED   08/15/2006

CMSN130

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D4 CM | 8867577 |

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

| |
|---|
| MICHAEL C MILLER  **PLAINTIFF** |
| vs |
| JOSEPH P KEITHLEY   ET AL  **DEFENDANT** |

```
RONALD M. REBNER
28775 AURORA RD.
SOLON OH 44139-0000
```

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Plaintiff's Attorney**

```
SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.
```

**GERALD E. FUERST**
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
             Deputy

COMPLAINT FILED   08/15/2006



CMSN130

# SUMMONS IN A CIVIL ACTION  COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

CLEV ND. OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D5 CM | 8867578 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| MICHAEL C MILLER | PLAINTIFF |
| VS | |
| JOSEPH P KEITHLEY   ET AL | DEFENDANT |

**SUMMONS**

GABRIEL A. ROSICA
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
**Clerk of the Court of Common Pleas**

| DATE |
|---|
| Aug 16, 2006 |

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

| CASE NO.<br>CV06598929 | D6 CM | SUMMONS NO.<br>8867579 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

MICHAEL C MILLER
VS
JOSEPH P KEITHLEY   ET AL

**PLAINTIFF**

**DEFENDANT**

# SUMMONS

TERRENCE SHERIDAN
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2006 | By _____<br>Deputy |
|---|---|

COMPLAINT FILED   08/15/2006



CMSN130

| CASE NO.<br>CV06598929 | D7 CM | SUMMONS NO.<br>8867580 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

MICHAEL C MILLER
VS
JOSEPH P KEITHLEY   ET AL

**PLAINTIFF**

**DEFENDANT**

## SUMMONS

DAVID H. PATRICY
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2006 | By <br>Deputy |
|---|---|

COMPLAINT FILED   08/15/2006



CMSN130

SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

Case: 1:06-cv-02171-SL  Doc #: 1-1  Filed: 09/08/06  29 of 55.  PageID #: 37

| CASE NO.<br>CV06598929 | D8 CM | SUMMONS NO.<br>8867581 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

| MICHAEL C MILLER<br>VS<br>JOSEPH P KEITHLEY   ET AL | PLAINTIFF<br><br>DEFENDANT |
|---|---|

**SUMMONS**

MARK J. PLUSH
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you. exclusive of the day of
service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2006 |
|---|

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D9 CM | 8867582 |

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

> MICHAEL C MILLER **PLAINTIFF**
> VS
> JOSEPH P KEITHLEY   ET AL **DEFENDANT**

D SHERMAN WILLOWS
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

### Plaintiff's Attorney

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

### Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO.<br>CV06598929 | D10 CM | SUMMONS NO.<br>8867583 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

**SUMMONS**

```
        MICHAEL C MILLER          PLAINTIFF
              VS
    JOSEPH P KEITHLEY   ET AL     DEFENDANT
```

```
PHILIP R ESTLER
28775 AURORA RD.
SOLON OH 44139-0000
```

Said answer is required to be served on:



Plaintiff's Attorney

```
SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000
```

Case has been assigned to Judge:

```
STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.
```

| DATE<br>Aug 16, 2006 |
|---|

COMPLAINT FILED   08/15/2006

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By _____
                    Deputy



CMSN130

| CASE NO.<br>CV06598929 | D11 CM | SUMMONS NO.<br>8867584 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

| MICHAEL C MILLER | PLAINTIFF |
|---|---|
| VS | |
| JOSEPH P KEITHLEY   ET AL | DEFENDANT |

**SUMMONS**

JOHN A. PESEC
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

Said answer is required to be served on:



You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you, exclusive of the day of
service.

Plaintiff's Attorney

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2006 |
|---|

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

| CASE NO. CV06598929 | D12 CM | SUMMONS NO. 8867585 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

| | |
|---|---|
| MICHAEL C MILLER VS JOSEPH P KEITHLEY   ET AL | PLAINTIFF DEFENDANT |

BRIAN R. BACHMAN
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

**Plaintiff's Attorney**

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
**Clerk of the Court of Common Pleas**

| DATE Aug 16, 2006 |
|---|

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D13 CM | 8867586 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

## SUMMONS

|  |  |
|---|---|
| MICHAEL C MILLER | **PLAINTIFF** |
| VS | |
| JOSEPH P KEITHLEY  ET AL | **DEFENDANT** |

JAMES T. BARTLETT
28775 AURORA RD.
SOLON OH 44139-0000

Said answer is required to be served on:



Plaintiff's Attorney

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
                    Deputy

COMPLAINT FILED   08/15/2006



CMSN130

**SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER CLEVELAND, OHIO**

| CASE NO. CV06598929 | D14 CM | SUMMONS NO. 8867587 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

MICHAEL C MILLER
VS
JOSEPH P KEITHLEY   ET AL

**PLAINTIFF**

**DEFENDANT**

**SUMMONS**

JAMES B. GRISWOLD
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE Aug 16, 2006 |
|---|

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06598929 | D15 CM | 8867588 |

Rule 4 (B) Ohio

Rules of Civil Procedure

---

MICHAEL C MILLER
VS
JOSEPH P KEITHLEY ET AL

**PLAINTIFF**

**DEFENDANT**

**SUMMONS**

---

LEON J. HENDRIX JR
28775 AURORA RD.
SOLON OH 44139-0000

Said answer is required to be served on:



Plaintiff's Attorney

SCOTT D SIMPKINS
1220 HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for
attorney's reference only.

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
Deputy

COMPLAINT FILED    08/15/2006



CMSN130

| CASE NO.<br>CV06598929 | D16 CM | SUMMONS NO.<br>8867589 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

MICHAEL C MILLER      **PLAINTIFF**
vs
JOSEPH P KEITHLEY   ET AL   **DEFENDANT**

## SUMMONS

N MOHAN REDDY
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

SCOTT D SIMPKINS
1220  HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
**Do not** contact judge. Judge's name is given for **attorney's reference only.**

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2006 |
|---|

By _____
          Deputy

COMPLAINT FILED   08/15/2006



CMSN130

Case: 1:08-cv-02171-SL Doc #: 1-1 Filed: 09/08/06 Page ID #: 46

| CASE NO. CV06598929 | D17 CM | SUMMONS NO. 8867590 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| MICHAEL C MILLER | **PLAINTIFF** |
| VS | |
| JOSEPH P KEITHLEY   ET AL | **DEFENDANT** |

## SUMMONS

KEITHLEY INSTRUMENTS INC
28775 AURORA RD.
SOLON OH 44139-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

SCOTT D SIMPKINS
1220   HURON ROAD

SUITE 1000
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 16, 2006 |

By _____
Deputy

COMPLAINT FILED   08/15/2006



CMSN130



AUG - 2006

FRIEDMAN CV065989 29D3
091-1501

1. Article Addressed to:

FREDERICK HUME
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number (Copy from service label)

8867576

PS Form 3811, July 1999          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

Stacie                                    8/18

C. Signature

X _____                  ☒ Agent
                                    ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2006

FRIEDMAN CV06598929D5
091-1501

1. Article Addressed to:

GABRIEL A. ROSICA
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)* J YARTZ

B. Date of Delivery 8/18

C. Signature
X [signature]
☒ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

EDP

2. Article Number *(Copy from service label)*
8867578

PS Form 3811, July 1999 Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

FRIEDMAN CV065989929D6
091-1501

1. Article Addressed to:

TERRENCE SHERIDAN
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number (Copy from service label)

8867579

PS Form 3811, July 1999          Domestic Return Receipt

AUG 1 2006

FRIEDMAN CV06598929D2
091-1501

1. Article Addressed to:

HERMANN HAMM
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number (Copy from service label)

8867575

PS Form 3811, July 1999     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| JY ARTZ | 8/18 |

C. Signature

X _____  ☑ Agent
                    ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail

4. Restricted Delivery? (Extra Fee)   ☐ Yes

FRIEDMAN  CV0659892 9D1
091-1501

**1. Article Addressed to:**

JOSEPH P. KEITHLEY
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

**A.** Received by (Please Print Clearly) | **B.** Date of Delivery

**C.** Signature

X ☒ Agent   ☐ Addressee

**D.** Is delivery address different from item 1?   ☐ Yes
    If YES, enter delivery address below:   ☐ No

**3.** Service Type
  ☒ Certified Mail

**4.** Restricted Delivery? (Extra Fee)   ☐ Yes

**2.** Article Number (Copy from service label)
88675174
PS Form 3811, July 1999        Domestic Return Receipt

AUG 2006

FRIEDMAN CV06598929D4
091-1501

**1. Article Addressed to:**

RONALD M. REBNER
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| JYAEL | 8/18 |

C. Signature

X ☒ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

EDP

**2. Article Number** *(Copy from service label)*

8867577

PS Form 3811, July 1999          Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV06598929D16
091-1501

1. Article Addressed to:

N MOHAN REDDY
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number (Copy from service label)

8867589

PS Form 3811, July 1999          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☒ Agent  ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below. ☐ No

3. Service Type
   ☒ Certified Mail

4. Restricted Delivery? (Extra Fee)    ☐ Yes

AUG 2 2 2006



FRIEDMAN CV06598929D12
091-1501

**1. Article Addressed to:**

BRIAN R. BACHMAN
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| JYARTZ | 8/21 |

**C. Signature**

X  *JYarty*   ☒ Agent  ☐ Addressee

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☒ Certified Mail

**4. Restricted Delivery? (Extra Fee)** ☐ Yes

**2. Article Number (Copy from service label)**

8867585

PS Form 3811, July 1999        Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV06598929D9
091-1501

1. Article Addressed to:

D SHERMAN WILLOWS
28775 AURORA RD.
SOLON OH 44139-0000



**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
8867582

PS Form 3811, July 1999                Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV06598929D13
091-1501

1. Article Addressed to:

JAMES T. BARTLETT
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number *(Copy from service label)*

8867586

PS Form 3811, July 1999        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*        B. Date of Delivery

J YARTZ                                          8/2

C. Signature

X                                            ☐ Agent
                                             ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type

☒ Certified Mail

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes



AUG 2 2 2006

FRIEDMAN CV06598929D11
091-1501

Article Addressed to:

JOHN A. PESEC
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
J PACTL | 8/21

C. Signature
X | ☒ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)
8867584

PS Form 3811, July 1999 — Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV06598929D10
091-1501

1. Article Addressed to:

PHILIP R ESTLER
28775 AURORA RD.
SOLON OH 44139-0000

2. Article Number *(Copy from service label)*

8867583

PS Form 3811, July 1999          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*   JYARTZ
B. Date of Delivery   0/21

C. Signature

X   ☒ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

AUG 2 2 2006



FRIEDMAN CV06598929D8
091-1501

**1. Article Addressed to:**

MARK J. PLUSH
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
TARTZ | 8 21

C. Signature
X ☒ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)
8867581

PS Form 3811, July 1999 — Domestic Return Receipt





AUG 2 2 2006

FRIEDMAN CV065989290D7
091-1501

1. Article Addressed to:

DAVID H. PATRICY
28775 AURORA RD.
SOLON OH 44139-0000

EDP

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X ☐ Agent
  ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
8867580
PS Form 3811, July 1999        Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV06598929D17
091-1501

**1. Article Addressed to:**

KEITHLEY INSTRUMENTS INC
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*   J YART 2

B. Date of Delivery   8/21

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**3. Service Type**
☒ Certified Mail

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**2. Article Number** *(Copy from service label)*

8867590

PS Form 3811, July 1999          Domestic Return Receipt

AUG 2 2 2006

FRIEDMAN CV0659892 9D14
091-1501

**1.** Article Addressed to:

JAMES B. GRISWOLD
28775 AURORA RD.
SOLON OH 44139-0000

**COMPLETE THIS SECTION ON DELIVERY**

**A.** Received by (Please Print Clearly)    **B.** Date of Delivery

J. MOT 2    8/2-/

**C.** Signature

X ☒ Agent
☐ Addressee

**D.** Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**3.** Service Type

☒ Certified Mail

**4.** Restricted Delivery? (Extra Fee)    ☐ Yes

**2.** Article Number (Copy from service label)

8867587

PS Form 3811, July 1999      Domestic Return Receipt